NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

SURINDER KUMAR,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-740

Agency No.
A206-080-055

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025**
Phoenix, Arizona

Before: TALLMAN, BADE, and LEE, Circuit Judges.

Petitioner Surinder Kumar, a native and citizen of India, seeks review of a

Board of Immigration Appeals' (BIA) decision denying his motion to reopen

removal proceedings based on changed country conditions and request for

reconsideration of the BIA's November 2018 decision. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252, and we deny the petition.

We review the BIA's denial of a motion to reopen or a request for reconsideration for abuse of discretion. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022); *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2009). The BIA abuses its discretion if the decision was "arbitrary, irrational, or contrary to law." *Perez-Portillo*, 56 F.4th at 792 (citation omitted).

1. The BIA did not abuse its discretion in denying Kumar's motion to reopen based on changed country conditions. "To prevail on a motion to reopen on the basis of changed country conditions, . . . [a] petitioner must (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) 'demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.'" *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (citation omitted). "[A] petitioner cannot succeed on . . . a motion that 'relies solely on a change in personal circumstances,' without also providing sufficient evidence of related changed country conditions." *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (emphasis omitted) (quoting *Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014)).

In support of his motion to reopen, Kumar submitted an affidavit from a family member indicating that individuals inquired into his whereabouts after his final hearing in June 2017. Kumar also submitted various articles dated between 2011 and 2012. The BIA reasonably concluded that although individuals may have inquired into his whereabouts following his final hearing, this change in personal circumstances alone is insufficient to support reopening based on changed country conditions. *Id.* at 1211. The BIA also reasonably concluded that Kumar had not met his burden to establish a material change in country conditions given that the articles he submitted all existed at the time of his final hearing in June 2017. *See Agonafer*, 859 F.3d at 1204 ("Evidence that simply recounts previous conditions presented at a previous hearing or that is voluminous but redundant is not sufficient to show a change in country conditions."). Therefore, it was not arbitrary, irrational, or contrary to law for the BIA to deny Kumar's motion to reopen. *See Perez-Portillo*, 56 F.4th at 792 (citation omitted).

2.      We do not reach the merits of Kumar's claim that the BIA erred in overlooking his request for sua sponte reconsideration of its November 2018 decision because Kumar failed to raise the argument before the BIA.[1] *See*

---

[1] There is no dispute that any attempt Kumar made at requesting reconsideration of the BIA's November 2018 decision was untimely. 8 U.S.C. § 1229a(c)(6)(A)–(B); 8 C.F.R. § 1003.2(b)(2). And while the statutory filing deadline for a request for reconsideration may be subject to equitable tolling, *see*

*Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (holding that even though the administrative exhaustion requirement of 8 U.S.C. § 1252(d)(1) is not jurisdictional, it is a mandatory claim-processing rule that a court must enforce if a party raises the issue). While Kumar "need not use precise legal terminology to exhaust his claim," the BIA must be sufficiently on notice so that it "had an opportunity to pass on th[e] issue." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (alteration in original) (citations omitted). At no point in Kumar's motion did he ask the BIA to invoke its sua sponte authority under 8 C.F.R. § 1003.2(a). Because Kumar did not sufficiently put the BIA on notice of his intent to request sua sponte reconsideration, he failed to exhaust his administrative remedies.

**PETITION FOR REVIEW DENIED.**

---

*Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020), Kumar does not argue that equitable tolling is warranted.